MEMPHIS PEABODY CORPORATION

*v.*

ALFRED T. MACFARLAND, Commissioner of Revenue,
State of Tennessee.

365 S. W. 2d 40.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

H. A. McBRIDE, Memphis, ARMSTRONG, McCADDEN, ALLEN, BRADEN & GOODMAN, Memphis, of counsel, for appellant.

GEORGE F. McCANLESS, Attorney General, MILTON P. RICE, WALKER T. TIPTON, Assistant Attorneys General, Nashville, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

This case presents the question of whether a corporation using leased property in the conduct of its business

is properly required in computing its franchise tax to include in the minimum measure thereof the assessed value of such leased property, under T.C.A. sec. 67-2909.

The Commissioner assessed the tax. It was paid under protest under T.C.A. sec. 67-2303. This action was then commenced pursuant to T.C.A. sec. 67-2305 to recover said sum so paid.

Appellant is a Tennessee Corporation engaged in the business of operating the Peabody Hotel in Memphis. In the operation of said Hotel it leases all of the real property and improvements thereon from Peabody Hotel Corporation, a separate corporate entity which holds legal title to said real property and improvements. For the tax years in question, the lessor, Peabody Hotel Corporation, paid its franchise tax and included in the measure thereof the real property and improvements leased to the appellant. Appellant for the same years did not include the value of said property in the measure of its franchise tax.

The value of said real property and improvements thereon is not carried upon appellant's books and records. The amount of the rental paid is shown on the records as an expense item.

This case was heard and determined upon bill, answer and depositions of witnesses, from all of which it appeared to the Chancellor that the appellant was liable for the additional taxes and, therefore, the bill herein was dismissed.

T.C.A. sec. 67-2909 makes provision that all corporations organized under the laws of this State, except those for general welfare, shall pay annually a franchise tax,

which is imposed against such corporations for the privilege of engaging in business in corporate form in this State and is in addition to all other taxes levied by any other law of the State.

The amount of such tax is fifteen (15¢) cents per $100.00, or major fraction thereof, of the issued and outstanding stock, surplus and undivided profits of the corporation as shown by its books and records at the close of the calendar or fiscal year.

The statute for construction herein may be found in T.C.A. sec. 67-2909, the pertinent portions of which are:

"The measure of the tax hereby imposed shall in no case be less than the value of the real and tangible personal property *owned* or *used* by such corporation in this state as *shown by the books and records* of such corporation at the close of its last calendar or fiscal year * * *." (Emphases supplied.)

It is shown that the value of said property is not carried on the books of the appellant, because it does not own said property. It would be in violation of good accounting practices to do so. This real property under lease to the appellant could never in any case be considered an asset of the corporation. Of course, the leasehold may or may not be considered an asset depending upon the value or lack of value thereof.

While it is true that the lessee corporation used the property under lease to it, it did so only to the extent permitted by the lease agreement. The appellant was in reality using the leasehold which has a diminishing value commensurate with the time it has to run,

It would be highly inequitable and completely unjust, in our opinion, to require the taxpayer to include in its return the value of said real property which it in no way owns, but in which it does have a leasehold interest limited by time. It is this interest which may or may not have a value to the taxpayer.

In the case of *State v. Grosvenor*, 149 Tenn. 158, at page 167, 258 S.W. 140, at page 142, it was held:

"If property is rented for its full value, if it costs the lessee all its worth, then the leasehold has no separate or taxable value. The value of a leasehold is to be based on the difference between the rent paid and the value of the use of the property. In most cases the leasehold is worth nothing, for property is ordinarily rented for the value of its use."

Again in the same case the Court said:

"In the case before us there was no effort to separately assess the leasehold of defendant Loew's Metropolitan Theatre Company. The assessment was made upon the property as a whole—really upon the reversion. There was no attempt to value the leasehold separately, and such an assessment is therefore void against the lessee."

■■ Statutes of taxation are to be strictly construed against the taxing authority and, therefore liberally construed in favor of the taxpayer. These being accepted legal and equitable principles, we are of the opinion that the Legislature never intended that the value of real property, as herein, be included in the returns filed by two separate corporate entities for the purpose of measuring a franchise tax to be paid by each. *City of Memphis*

*v. Bing,* 94 Tenn. 644, 30 S.W.745; *Gulf Refining Co. of Louisiana v. City of Chattanooga,* 136 Tenn. 505, 190 S.W. 463; *Reynolds Tobacco Co. v. Carson,* 187 Tenn. 157, 213 S.W.2d 45.

■ While it is true that the franchise tax is not converted into a property tax merely because it is measured by the value of property, *Corn v. Fort,* 170 Tenn. 377, 95 S.W.2d 620, 106 A.L.R. 647, it could not have been intended by the Legislature that the same property be included as a part of the base of the tax in the returns of two separate corporations.

■ T.C.A. sec. 67-2909 sets out that "the measure of the tax thereby imposed shall in no case be less than the value of the real and tangible personal property owned or used * * * [by the taxpayer] as shown by the books and records of such corporation at the close of its last calendar or fiscal year." If the Legislature meant that this phrase "as shown by the books and records of such corporation" to mean anything at all, it intended the phrase to mean exactly what it says; that is, the tax should be measured by the assets of the corporation as shown by its books. Of course, this means that the taxpayer would have to keep and maintain its books and records in good faith and according to good accounting practices. It could not arbitrarily and without reason disregard assets of the corporation in making and filing its return. The proof in this case is that the books and records of the corporation were set up and kept according to good accounting practices. There is no indication of lack of good faith on the part of the taxpayer.

In the instant case the taxpayer has made improvements on its leasehold interest and such improvements are

carried on its books and records and the values thereof are used in determining its franchise tax liability.

The appellant sub-leases about fifteen (15%) per cent of the Hotel and the improvements to about twenty-seven (27) different concerns, most of whom are corporations liable for the franchise tax being considered herein. Would each such sub-lessee corporation be required also to include in its return as a base for its franchise tax the value of the real property used by it under its lease? If so, said sublessee and the appellant herein and the owner in fee of the property would be using a portion or all of the value of the fee as the base for the franchise tax of each.

We do not think a fair and reasonable construction of the Act contemplates that the value of the fee should be included in the tax base of each leasing or sub-leasing corporation.

We agree with the argument of the appellant that the basic purpose of the franchise tax law clearly indicates that property which a corporation does not own but leases in the operation of its business is not to be taken into consideration in determining its minimum franchise tax liability. Initially, the law was enacted as a privilege tax based on net worth of each reporting corporation. *Corn v. Fort,* supra.

In the case of *Reynolds Tobacco Co. v. Carson,* supra, at page 162 of 187 Tenn., at page 47 of 213 S.W.2d, the Court said:

"The excise tax and the franchise tax are both privilege taxes * * * levied on corporations for the privilege of doing business in Tennessee. The excise tax is meas-

ured by the 'net earnings' * * * within the State, and the franchise tax undertakes to reach the use of the corporate franchise and is based on that proportionate part of the corporate capital stock, surplus and undivided profits employed in doing the business in Tennessee.''

■ Where there is doubt as to the meaning of a taxing statute, the doubt must be resolved in favor of the taxpayer. *Commercial Standard Insurance Company v. Hixson, County Court Clerk et al.,* 175 Tenn. 239, 242, 133 S.W.2d 493.

In the case of *Bell v. Watson & Bros.,* 71 Tenn. 328, 331, Court said:

''The safe and sound rule of construction of revenue laws is to hold, in the absence of express words plainly disclosing a different intent, that they were not intended to subject the same property to be twice charged for the same tax, nor the same business to be twice taxed for the exercise of the same privilege.''

■ It is true, as insisted by the Commissioner in this case, that the tax imposed herein is a privilege tax and not a property tax, and there is no double taxation; nevertheless, the Commissioner is attempting to use the value of the same property as the base upon which assessments are being made against two separate corporations. We do not believe that the Legislature so intended.

■ We believe that Sections 67-2904 and 67-2909 T.C.A. when read together, and reasonably interpreted, impose a privilege tax on the net worth or the capital of a corporation and states the method by which the minimum net worth of the capital of a corporation is to

be determined. We do not believe that the Legislature intended to assess the tax on the basis of the value of property not owned but leased by a taxpayer for the reasons hereinabove set out.

Therefore, the action of the Chancellor is reversed and an order will be entered here in accordance with the prayer of the bill as amended.

PREWITT, CHIEF JUSTICE, did not participate herein.