Bob TOLLETT, Commissioner of the
Tennessee Department of Revenue,
Appellant-Defendant,

v.

FRANKLIN EQUITIES, INC.,
Appellee-Plaintiff.

Supreme Court of Tennessee.

July 9, 1979.

Rehearing Denied Sept. 17, 1979.

David S. Weed, Asst. Atty. Gen., for appellant-defendant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

H. Wynne James, III, Knoxville, for appellee-plaintiff.

Milton P. Rice, Nashville, amicus curiae brief for Tennessee Taxpayers' Association and Association of Tennessee Life Ins. Companies.

OPINION

HARBISON, Justice.

This action was instituted by a taxpayer to recover corporate franchise taxes paid under protest. It contended that intangible assets of the corporation should not be included in the statutory franchise tax base. The trial judge allowed recovery and the Commissioner of Revenue has appealed. In our opinion the provisions of the applicable statutes support the contentions of the appellant.

Both parties moved for summary judgment in the trial court. The record consists only of brief pleadings and two very short affidavits. Neither of the parties insists

that there is any disputed issue of material fact. Therefore, we will dispose of the case as presenting only a question of law.

The taxpayer, plaintiff below and appellee here, is a Georgia corporation, qualified to do business in Tennessee. The case involves disputed franchise taxes for the years 1972 through 1976, all prior to the effective date of revisions of the Franchise Tax Law made in that year, 1976 Tenn.Pub. Acts, ch. 537.

The taxpayer manages a motel in Blount County, Tennessee under a contract with the owner. The management contract is not in the record, nor is there any evidence concerning the exact nature of the taxpayer's activities, the services rendered, compensation paid, or the like. The parties concede that the management of the motel was the only corporate business or activity conducted by appellee in this state during the years involved.

The motel which was managed by the taxpayer was owned by a limited partnership. Taxpayer was the general partner of that entity and owned fifty-one percent interest in the partnership. Again, the partnership documents have not been filed in evidence. An affidavit of an officer of the corporate taxpayer states that the corporation owns no real or tangible personal property within the state and that the only asset owned by the taxpayer in Tennessee is its fifty-one percent interest in the limited partnership. The affidavit further states that all real and personal property operated or utilized by the motel itself is owned by that partnership.

The Commissioner insists that the value of the taxpayer's interest in the motel properties should have been included in computing its franchise tax base. Neither the tax returns nor any computations of value have been included in the record, there apparently being no dispute between the parties as to the amount involved.

The parties recognize that the corporate franchise tax is not an ad valorem property tax but is a tax levied upon the privilege of engaging in business in corporate form in this state. *See Crown Enterprises, Inc. v. Woods,* 557 S.W.2d 491 (Tenn. 1977). It is levied upon the net worth or capital of the corporation. *Memphis Peabody Corp. v. MacFarland,* 211 Tenn. 384, 365 S.W.2d 40 (1962).

Following an amendment in 1963, and at all times during the period involved in this case, T.C.A. § 67–2909 [1] provided, insofar as here pertinent:

"The measure of the tax hereby imposed shall in no case be less than the actual value of property owned, or property used, in Tennessee."

As stated in the *Crown Enterprises* case, *supra:*

"This provides the method for determining the minimum net worth of the capital of the corporation. . . . Thus, the minimum measure of the corporate franchise tax is 'the actual value of the property owned, or property used in Tennessee.'" 557 S.W.2d at 492.

Prior to 1963, the statute was worded entirely differently and read as follows:

"The measure of the tax hereby imposed shall in no case be less than the value of the *real and tangible personal* property owned or used by such corporation in this state *as shown by the books and records of such corporation at the close of its last calendar or fiscal year preceding the making of the sworn report hereinafter required, excepting books with respect to investment costs kept pursuant to regulations of the interstate commerce commission.*"

The language underscored in the foregoing quotation was deleted when the statute was re-written, 1963 Tenn.Pub.Acts, ch. 361, § 3.

The revision in the statute followed immediately the decision of this Court in the case of *Memphis Peabody Corp. v. MacFarland,* 211 Tenn. 384, 365 S.W.2d 40 (1963), in which it was held that the value of property leased by a corporate taxpayer was not

1. Now codified as T.C.A. § 67–2908.

required to be included in the minimum measure of the franchise tax. The 1963 amendment provided for the inclusion of leased or rented property and contained a formula for its valuation. The amendment, however, also deleted the words "real and tangible personal" preceding the words "property owned or used."

The taxpayer relies upon two opinions of the State Attorney General rendered several years ago that the only change effected by the 1963 amendment was to include leased or rented property. This, however, is not all that the amendment provided. The Attorney General gave opinions that intangible property owned by taxpayers was not affected by the 1963 amendment. In our opinion, this conclusion was not justified from the revisions which were made in the statutory language. It is true that the word "tangible" was retained in the caption of the code section which the 1963 amendment revised, and indeed that word is found in the caption as quoted in the 1963 act. In the text of the revised statute itself, however, all references to real and tangible personal property were omitted, and the generic term "property" was retained without any qualification or modifying language.[2]

It is around this revision in the statute that the present controversy revolves. The taxpayer insists that it owned no real property and no tangible personal property in Tennessee. It contends that its interest in the partnership, while a property right, is intangible in nature and is not subject to inclusion under the statute.

The first part of this contention is consistent with basic concepts of partnership law. The Uniform Partnership Act itself, T.C.A. § 61–124(1), provides:

"A partner is coowner with his partners of specific partnership property holding as a tenant in partnership."

The incidents of this tenancy are defined and described in the following paragraph, T.C.A. § 61–124(2). A partner's general interest in the partnership itself is defined in T.C.A. § 61–125 as follows:

"A partner's interest in the partnership is his share of the profits and surplus and the same is personal property."[3]

For further delineation of the interest of a partner in partnership assets, see *United States v. Worley*, 213 F.2d 509 (6th Cir. 1954); *Cultra v. Cultra*, 188 Tenn. 506, 221 S.W.2d 533 (1949).

The Commissioner does not disagree with these settled principles of partnership law. He insists, however, that in the present case, through some sort of imputation or "attribution," outright ownership of the real estate and tangible personal property of the partnership should be ascribed to the corporate taxpayer. Neither statutory authority nor any evidentiary basis for this contention has been demonstrated, and that aspect of appellant's assignment of error is overruled.

Nevertheless, the taxpayer's partnership interest is "property," albeit intangible, and there is nothing in the statute since its 1963 revision which excludes valuable intangible assets or property rights such as this from the franchise tax measure. The value of stock held in any other taxpaying corporation is, and long has been, deductible from the measure of the franchise tax. *See* T.C.A. § 67–2906.[4] No other exemption of intangible property, insofar as pertinent to this case, has been cited or referred to by the parties.

For this reason the assignment of error of appellant is sustained. On the issue developed in the record appellant was entitled to summary judgment. The trial court erred in ruling otherwise. Its judgment is re-

2. In later codifications and revisions, the word "property" has been preceded by the definite article "the," but this was not part of the 1963 act or of the Code during the years involved here.

3. The interest of a limited partner is also a personal property right. T.C.A. § 61–218.

4. Formerly T.C.A. § 67–2907.

versed and the suit is dismissed at the cost of appellee.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.

OPINION ON PETITION TO REHEAR

Appellee has filed a petition for rehearing. A brief amicus curiae has been filed on behalf of the Tennessee Taxpayers' Association and the Association of Tennessee Life Insurance Companies. It is suggested in these briefs that the opinion of the Court has subjected the entire portfolio of intangible properties held by corporate taxpayers to the minimum measure of the franchise tax under T.C.A. § 67–2908 (formerly T.C.A. § 67–2909), with serious consequences to financial institutions and other corporations in the state.

■ The opinion of the Court was addressed to a single specific issue developed by the parties in summary judgment proceedings. The Court did not hold, and does not now hold, that all of the intangible property and assets of appellee or of any other corporate taxpayer fall within the minimum measure of the tax. The only kind or type of intangible asset involved in this litigation is the corporate taxpayer's interest in an operating partnership.

Appellee, a foreign corporation, formed a partnership to own or control Tennessee real estate and tangible personalty. It insisted that by this method it could place beyond the reach of the franchise tax law both these assets and the value of its partnership interest in the enterprise. We do not so construe the wording or the legal effect of the 1963 amendment to the statute. This is the only issue involved in the litigation and the only one considered in the original opinion. Both parties insisted that as a matter of law the assets or the value of the partnership interest were, or were not, includable. No other issue was developed.

It is clear that the 1963 amendment to the franchise tax law was enacted in response to the opinion of this Court in *Memphis Peabody Corp. v. MacFarland*, 211 Tenn. 384, 365 S.W.2d 40 (1963). The General Assembly obviously intended to make taxable in the future the type of business arrangement utilized by the taxpayer in that case to avoid the minimum measure of the tax; namely, the leasing or renting of property. It provided that property rented for use by corporate taxpayers in Tennessee must be included, and it prescribed a method for the valuation of such assets.

It is conceded by appellee, however, that the legislature did more than just change the language of the pre-existing statute to include the value of rented property. It made other changes, including deletion of the adjectives "real and tangible" preceding the word "property." The taxpayer concedes that this deletion had some significance and "some meaning." The significance which the taxpayer attaches to the amendment, however, is confined to the inclusion of property rented or leased. Throughout this litigation the appellee has urged the courts to so limit the amendment.

It is our opinion that the legislature, in amending the statute, not only sought to prevent the exclusion of leased or rented property, but also sought to close similar loopholes which might be discovered or urged by taxpayers through a narrow interpretation of the phrase "real and tangible" property. The legislature took out those modifying adjectives, and left only the word "property," so that, as amended, this language remained:

"The measure of the tax hereby imposed shall in no case be less than the actual value of property owned, or property used, in Tennessee."

It was and continues to be our opinion that under this amendment the legislature authorized the inclusion of intangible rights or assets such as those that are involved here. The original opinion was so worded. It stated that there was nothing in the statute since its 1963 revision which excludes intangible assets *"such as this"* from the franchise tax measure. The Court was not discussing an entire portfolio of intangible assets as alleged in the petition to rehear and in the amicus brief. It was

considering an ownership interest in another business enterprise of a non-corporate nature.

The Court took occasion to cite T.C.A. § 67–2906, dealing not with the minimum measure of the tax but with the regular or basic measure, in which shares of stock in other taxpaying corporations are deductible. This provision was not changed in 1963. From this, it seemed to us that after the amendment a taxpayer could continue to utilize subsidiary or affiliate corporations to own or control assets without having included in its minimum tax base either the value of corporate shares of stock which it owned or the assets of subsidiary or affiliate corporations. Where, however, as in the present case, a corporation uses a partnership or some other nontaxable business entity in which to place title or control over assets which otherwise would fall within the minimum measure, then an appropriate portion of its interest in such business organization may be included.

The thrust of our holding, which we reiterate here, was that the 1963 amendment was broader than originally suggested by the Attorney General in his opinions [1] and was not confined solely to the inclusion of property held under a lease. We have not attempted to delineate completely the effect of the 1963 amendment, but we are of the opinion that it was designed to close more than one single loophole and, where necessary to reflect accurately the value of property owned or used in Tennessee by a corporation, to authorize the inclusion of an intangible business interest or ownership such as is shown in this case.

We reaffirm our conclusion that a corporate taxpayer may not, through a business arrangement or organization such as was attempted here, escape the minimum meas-

ure of the tax. Ordinarily, of course, the tax is based upon the capital and net worth of the corporate enterprise. As an alternative, the minimum measure historically has been based upon the asset value of real and tangible property owned or used in the state. In our opinion, the General Assembly did not intend to change this minimum measure in any such drastic manner as suggested in the petition to rehear. The change which it did make in the language of the statute, however, and the circumstances under which it made that change, convince us that the General Assembly did not intend to permit corporate taxpayers to enter into other types of business arrangements, such as joint ventures, partnerships, sales and leasebacks and the like and thereby place assets beyond that minimum measure.

■ Thé franchise tax, by definition, is levied upon "the privilege of engaging in business in corporate form" in this state. T.C.A. § 67–2902. A taxpayer which exercises that privilege and obtains the legal advantages thereof cannot escape the related tax consequences by putting its assets into some other form of business organization.[2] There are no express attribution provisions in the statute, permitting the Commissioner to impute outright ownership of the subsidiary's assets to the corporate taxpayer. However, it is our opinion that the 1963 amendment was broader in scope than the mere inclusion of leased assets. Its legal effect permitted the inclusion of all or part of the taxpayer's interest in a business entity such as is shown here.

The petition for rehearing is overruled at the cost of appellee.

BROCK, C. J., and HENRY, COOPER and FONES, JJ., concur.

1. These opinions were not addressed, insofar as we can tell, to any question similar to that involved in this case; namely, the use by a corporation of some other form of subsidiary business organization.

2. *Cf. Tenn. Public Service Comm'n v. Nashville Gas Co.*, 551 S.W.2d 315, 320–21 (Tenn.1977), *cert. denied*, 434 U.S. 904, 98 S.Ct. 301, 54 L.Ed.2d 191 (1977) (regulated utility may not,

through devices of holding companies or spinoffs, avoid reporting of revenues to Public Service Commission for rate-making purposes); *General American Transp. Corp. v. Tennessee Bd. of Equalization*, 536 S.W.2d 212 (Tenn. 1976) (corporation not permitted to avoid classification of its rolling stock as utility property through leasing arrangements with common carriers).