OMNICON, INC., Plaintiff-Appellant,

v.

John K. KING, Commissioner of Revenue for the State of Tennessee, Defendant-Appellee.

EPPING REALTY, INC., Plaintiff-Appellant,

v.

John K. KING, Commissioner of Revenue for the State of Tennessee, Defendant-Appellee.

Supreme Court of Tennessee, at Jackson.

Feb. 19, 1985.

Robert E. Orians, Memphis, for plaintiffs-appellants.

Joe C. Peel, Asst. Atty. Gen., Nashville, for defendant-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

These consolidated actions were brought by plaintiffs to recover corporate franchise taxes paid under protest for the tax years 1976–79.

In 1972, a general partnership was formed between Cook Realty Co. No. 1 of Tennessee, Inc. [Cook], and Decoma Enterprises, Inc. [Decoma], to conduct business under the name of Epping Forest Associates. Each partner owned a 50% interest in the partnership. The taxpayers, Omnicon, Inc. [Omnicon] and Epping Realty, Inc. [Epping Realty] succeeded to the 50% interest of Decoma and Cook, respectively. Omnicon and Epping Realty are wholly owned subsidiaries of Allen & O'Hara, Inc.

Epping Forest Associates engaged in the development and operation of Epping Forest, a real estate project. During 1976–1979, the real property owned by the Epping Forest Associates partnership was encumbered by mortgages. The partnership had net operating losses and a negative net worth. As a result, on its franchise returns for those years, each taxpayer included a zero value for its respective interest in the partnership in computing its minimum tax base under T.C.A., § 67–2908 [now § 67–4–906]. The taxpayers had no assets other than the partnership interest; accordingly, each paid only the $10.00 minimum franchise tax.

The Commissioner audited the returns of the taxpayers and assessed additional taxes, interest and penalties in the amount of $25,812.86 against each of them. The additional assessments were the result of the inclusion of 50% of the book value of the real and tangible personal property of the partnership in the minimum tax base ⋅of each taxpayer.

The taxpayer paid the additional assessments under protest, and brought these suits. On cross motions for summary judgment, the Chancellor granted the motion of the Commissioner and dismissed the complaints. This appeal followed.

The issue on appeal is the proper method of valuing a corporate taxpayer's interest in a partnership for purposes of the Franchise Tax Law, T.C.A., § 67–4–901, *et seq.* The taxpayers contend that the value of the partnership interest, as represented by the capital accounts of the partnership, is the figure which should be the basis of the valuation. The Commissioner contends that the book value of the assets of the partnership is the proper basis for the valuation. We agree with the position of the taxpayers and reverse the Chancellor's grant of summary judgment in favor of the Commissioner.

▆ The Franchise Tax is not an ad valorem property tax but is a tax levied upon the privilege of engaging in business in corporate form in Tennessee. It is levied upon the net worth or capital of the corporation. *Tollett v. Franklin Equities, Inc.,* 586 S.W.2d 96, 97 (Tenn.1979); *Crown Enterprises, Inc. v. Woods,* 557 S.W.2d 491 (Tenn.1977). The minimum net worth of a corporation, for purposes of the Franchise Tax, is "the actual value of the property owned, or property used, in Tennessee." T.C.A., § 67–2908.

In order to determine the minimum net worth of these corporate taxpayers under T.C.A., § 67–2908, we must determine what property is owned or used by the taxpayers in Tennessee. In the absence of an indication that the legislature intended otherwise, we make that determination with reference to general principles of partnership law.

▆ The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management of the partnership. T.C.A., § 61–1–123. A partner's interest in specific partnership property is his interest as a co-owner of the property with the other partners, holding as a tenant in partnership. T.C.A., § 61–1–124(a). As a tenant in partnership, a partner has no right to possess specific partnership property for any purpose other than partnership purposes, without the consent of his partners. T.C.A., § 61–1–124(b)(1). A partner's interest in the partnership is his share of the profits and surplus. T.C.A., § 61–1–125.

▆ It is the actual value of the three property rights outlined above, comprising a partner's interest, which must be included in the minimum measure. We believe

that the net worth of the partnership is a more accurate basis for calculating the actual value of those property rights than is the book value of the assets of the partnership. The book value of the assets of the partnership reflects the actual value of the property of the partnership rather than the actual value of the partner's intangible property interest, the property interest for which a value is sought.

The truth of the preceding statements is evidenced by the facts in the instant case. The record reflects that in 1975, Allen & O'Hara, Inc. purchased Cook from its parent corporation. Allen & O'Hara paid only $168.52 for all of the stock of Cook, and, in addition, Allen & O'Hara obtained from Cook and its parent a release of all claims to $650,000 which was owed to Cook by Epping Forest Associates. The terms of the sale clearly indicate that the value of the partnership interest sold was a negative figure.

Both parties rely upon our decision in *Tollett v. Franklin Equities, supra,* 586 S.W.2d 96 (Tenn.1979). In that case, the issue before this Court was whether the intangible assets of a corporation, in particular an interest in a partnership, were to be included in the statutory franchise tax base. We held that the word "property" as used in T.C.A., § 67-2909, without any qualifying language, included intangible property rights such as an interest in a partnership. The value of that interest was not at issue.

In *Franklin Equities,* we expressly rejected the Commissioner's argument that "through some sort of imputation or 'attribution,' outright ownership of the real estate and tangible personal property of the partnership should be ascribed to the corporate taxpayer." 586 S.W.2d at 98. The Commissioner's present attempt to value the taxpayers' property as 50% of the book value of the partnership's property is, in substance if not form, an attempt to attribute ownership of the property to the taxpayers. Again, as in *Franklin Equities,* we find no statutory or evidentiary basis

for the Commissioner's position and therefore we reject it.

The grant of summary judgment in favor of the Defendant is reversed. The matter is remanded to the trial court for further proceedings not inconsistent with this Opinion. Costs are assessed against the Defendant.

FONES and DROWOTA, JJ., concur.

HARBISON, J., filing dissent in which COOPER, C.J., joins.

HARBISON, Justice, dissenting.

I respectfully dissent.

T.C.A. § 67-4-906(a)(1) provides that the measure of franchise tax

> "shall in no case be less than the actual value of the property owned, or property used, in Tennessee."

While it is true that the franchise tax is not an ad valorem tax, the minimum tax base is fixed by "actual value" of property used or owned by the taxpayer. Had the corporate taxpayer in this case held title to the apartment buildings involved, their actual value, not their net equity, would have been used in computing the franchise tax base. The same is true of property leased or rented to a taxpayer, although there are specific provisions in the statutes for computing the value of rented property. T.C.A. §§ 67-4-906(a)(3), (4), and 67-4-906(b).

It is true that in the case of *Tollett v. Franklin Equities, Inc.,* 586 S.W.2d 96 (Tenn.1979), the Court held that the statutes did not provide for attribution or imputation of ownership to the corporate taxpayer. That case, however, did not involve questions of the valuation of properties used by the corporate taxpayer, and nothing therein is inconsistent with the Commissioner's assessment of the property used by the taxpayer in the present case. The thrust of *Tollett v. Franklin Equities, Inc., supra,* was to prevent corporate taxpayers from avoiding the franchise tax through the use of non-corporate subsidiaries. In that case it was claimed that the assets involved were totally beyond the

reach of the franchise tax statutes. This Court held to the contrary.

Unless, however, assets held by subsidiary partnerships or joint ventures are included at their actual value, the purposes of T.C.A. § 67–4–906 will be frustrated, and the holding of the Court in the *Tollett* case, *supra*, could be essentially negated.

For these reasons, I would affirm the judgment of the Chancellor. I am authorized to state that Justice Cooper joins in this dissent.