# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### SEPTEMBER 8, 2010 Session

## VALENTI MID-SOUTH MANAGEMENT, LLC v. REAGAN FARR, COMMISSIONER OF REVENUE, STATE OF TENNESSEE

### Direct Appeal from the Chancery Court for Davidson County
#### No. 08-1978-II    Carol L. McCoy, Chancellor

_____

### No. M2010-00313-COA-R3-CV - Filed November 15, 2010

_____

Plaintiff filed suit in chancery court to challenge an assessment of Plaintiff's franchise tax liability by the Department of Revenue. The chancery court upheld the assessment. We affirm.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Candi Henry, Donald Capparella, Nashville, Tennessee, for the appellant, Valenti Mid-South Management, LLC

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Brad H. Buchanan, Assistant Attorney General, Nashville, Tennessee, for the appellee, Commissioner of Revenue

# OPINION

## I. BACKGROUND

Valenti Mid-South Management, LLC ("Valenti Management") is a Florida limited liability company that operates 46 Wendy's restaurants in the State of Tennessee. The Tennessee Department of Revenue audited Valenti Management's tax returns for the 2003, 2004, and 2005 tax years and issued a "Notice of Assessment" reflecting that Valenti Management owed $197,615.55 in additional Tennessee franchise taxes and $71,478.30 in interest, as of March 7, 2008.

## II. FRANCHISE TAX LAW

Tennessee's Franchise Tax Law is found at Tennessee Code Annotated section 67-4-2101, *et seq.* "All persons[1] doing business in Tennessee," with certain exceptions not applicable here, must pay the franchise tax annually to the Commissioner of Revenue. Tenn. Code Ann. § 67-4-2105(a). The franchise tax is "a privilege tax in addition to all other taxes." *Id.* It is "paid for the privilege of doing business in Tennessee," *id.*, and it serves "as a recompense for the protection of [the taxpayer's] local activities and as compensation for the benefits [the taxpayer] receives from doing business in Tennessee." Tenn. Code Ann. § 67-4-2105(b).

The franchise tax is imposed at the rate of 25 cents per 100 dollars of a taxpayer's net worth. Tenn. Code Ann. § 67-4-2106(a). "Net worth" means "the difference between a taxpayer's total assets less its total liabilities computed in accordance with generally accepted accounting principles." Tenn. Code Ann. § 67-4-2106(b). However, the measure of the franchise tax "shall in no case be less than the actual value of the real or tangible property owned or used in Tennessee, excluding exempt inventory and exempt required capital investments."[2] Tenn. Code Ann. § 67-4-2108(a)(1). Therefore, a taxpayer's franchise tax

---

[1] As noted, the franchise tax is to be paid by "[a]ll persons doing business in Tennessee." Tenn. Code Ann. § 67-4-2105(a). For purposes of the Franchise Tax Law, a "person" or "taxpayer" is defined as a "corporation, subchapter S corporation, limited liability company, professional limited liability company, registered limited liability partnership, professional registered limited liability partnership, limited partnership, cooperative, joint-stock association, business trust, regulated investment company, real estate investment trust, state-chartered or national bank, or state-chartered or federally chartered savings and loan association." Tenn. Code Ann. § 67-4-2004(34). Thus, a "person" includes business entities but not natural persons.

[2] This provision establishing a minimum tax base using the value of tangible property as a measure indicates that the Legislature intended to tax corporations for the use of their corporate franchise, regardless of earnings or losses. *Commercial Equities Corp. v. Tollett*, 596 S.W.2d 801, 804 (Tenn. 1980). "This
(continued...)

liability is calculated based on the greater of its net worth *or* the value of the property it owns or uses in Tennessee.

Pursuant to a statutory amendment, for tax years beginning on or after January 1, 2004, "a taxpayer that is a member of an affiliated group . . . may elect to compute its net worth on a consolidated basis." Tenn. Code Ann. § 67-4-2103(d); Acts 2004, ch. 932, § 11. "For a taxpayer electing to compute its net worth on a consolidated basis, net worth is defined as the difference between the total assets less the total liabilities of the affiliated group at the close of business on the last day of the tax year, as shown by a pro forma consolidated balance sheet including all members of the group." Tenn. Code Ann. § 67-4-2106(b). An "affiliated group" is defined as:

> (A) . . . (i) A taxpayer that, standing alone, is subject to the Tennessee franchise tax;
> (ii) All other domestic persons in which the taxpayer, directly or indirectly, has more than fifty percent (50%) ownership interest;
> (iii) All other domestic persons that, directly or indirectly, have more than fifty percent (50%) ownership interest in the taxpayer; and
> (iv) All other domestic persons in which a person described in subdivision (2)(A)(iii), directly or indirectly, has more than fifty percent (50%) ownership interest, regardless of whether such persons do business in Tennessee;
>
> (B) For purposes of this subdivision . . . , a noncorporate taxable entity is more than fifty percent (50%) owned, if, upon liquidation more than fifty percent (50%) of the assets of the noncorporate taxable entity, directly or indirectly, accrue to a member or members of the affiliated group;

Tenn. Code Ann. § 67-4-2004(2).

### III.   VALENTI MANAGEMENT'S CIRCUMSTANCES

Valenti Management is subject to the Tennessee franchise tax because it is a "person" doing business in Tennessee. *See* Tenn. Code Ann. § 67-4-2105(a). It is undisputed that during the period in question, Valenti Management's net worth was negative. As such,

---

[2](...continued)
provides the method for determining the minimum net worth of the capital of the corporation." **Tollett v. Franklin Equities, Inc.,** 586 S.W.2d 96, 97-98 (Tenn. 1979) (quoting *Crown Enterprises, Inc. v. Woods*, 557 S.W.2d 491, 492 (Tenn. 1977)). Thus, the minimum measure of the franchise tax is the value of the property owned, or property used, in Tennessee. **Id.**

Valenti Management was necessarily required to utilize the "property value" measure when calculating its franchise tax liability rather than the "net worth" measure. *See* Tenn. Code Ann. § 67-4-2108(a)(1). Thus, it was required to calculate "the actual value of the real or tangible property owned or used in Tennessee." *Id.* "Used" means property that is "utilized by the taxpayer in the conduct of its principal business." *See* Tenn. Code Ann. § 67-4-2108(a)(6)(F). The statute provides a specific formula for including the value of rented property when calculating the value of property "owned or used in Tennessee" under the property value measure. Tenn. Code Ann. § 67-4-2108(a)(3).

Valenti Management leases the land and buildings where its 46 restaurants are operated from Valenti Mid-South Realty, LLC ("Valenti Realty"), which is a separate and distinct Florida limited liability company that is also qualified to do business in Tennessee. Five individuals own approximately 87% of the ownership interests in the two LLCs in identical percentages. Mr. Darrell Valenti owns approximately 55% of Valenti Management and 59% of Valenti Realty.

When Valenti Management calculated its franchise tax liability using the property value measure, it did not include the value of the 46 properties it rents from Valenti Realty. Valenti Management took the position that its relationship with Valenti Realty constituted an "affiliated group" pursuant to Tennessee Code Annotated section 67-4-2004(2). Valenti Management then argued that the "Valenti Group" was entitled to calculate its property value as a group. Because Valenti Realty had already included the value of the 46 properties it owned when calculating its franchise tax liability, Valenti Management contended that it was not required to include the value of those same properties, which it rented from Valenti Realty, when calculating the value of the property it "owned or used in Tennessee."

## IV.  TRIAL COURT PROCEEDINGS

Valenti Management filed a complaint in chancery court to challenge the assessment of additional liability. The Commissioner of Revenue filed a counterclaim for the unpaid amount of the assessment. Before the trial court, Valenti Management argued that it was a member of an affiliated group and that it was entitled to calculate its property value on a consolidated basis with Valenti Realty. The Commissioner of Revenue filed a motion for summary judgment, contending that the relationship between Valenti Management and Valenti Realty did not qualify as an affiliated group, and further arguing that affiliated groups can only calculate their net worth as a group, not their property value.[3] Valenti Management

---

[3] The statute states that "a taxpayer that is a member of an affiliated group . . . may elect to compute its net worth on a consolidated basis," but it does not mention the property value measure. Tenn. Code Ann.

(continued...)

contended that "any attempt by the Department to impose double taxation on Valenti constitutes a violation of the equal protection and due process clauses of the Tennessee and federal [C]onstitutions."

The trial court ultimately granted summary judgment to the Commissioner of Revenue and upheld the assessment in its entirety. The court concluded that Valenti Management and Valenti Realty's relationship did not qualify as an affiliated group, and that even if it did, affiliated groups cannot utilize consolidated computation for the property value measure of the franchise tax base. The court also found that "the foregoing result does not constitute double taxation as alleged by Valenti [Management]." As a result, the trial court dismissed the complaint and awarded the Commissioner a judgment for $299,041.17, in addition to interest accruing until the date of payment. The court reserved judgment as to the amount of attorney's fees and expenses to be awarded and certified its order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Valenti Management timely filed a notice of appeal to this Court.

## V. ISSUES PRESENTED

Valenti Management presents the following issues, as we perceive them, for review:

1. Whether Valenti Management is part of an "affiliated group" for franchise tax purposes;
2. Whether Valenti Management and Valenti Realty can calculate their property value on a consolidated basis if they qualify as an affiliated group;
3. Whether the assessment at issue is unconstitutional because it constitutes double taxation and/or taxes members of the same class differently; and
4. Whether the trial court erred in denying Valenti Management's motion to compel discovery responses.

For the following reasons, we affirm the decision of the chancery court.

## VI. DISCUSSION

### A. Affiliated Groups

Valenti Management first contends that it and Valenti Realty constitute an "affiliated group" for purposes of the Franchise Tax Law. As previously noted, for tax years beginning

---

[3](...continued)
§ 67-4-2103(d).

-5-

on or after January 1, 2004, "a taxpayer that is a member of an affiliated group . . . may elect to compute its net worth on a consolidated basis." Tenn. Code Ann. § 67-4-2103(d); Acts 2004, ch. 932, § 11. "For a taxpayer electing to compute its net worth on a consolidated basis, net worth is defined as the difference between the total assets less the total liabilities of the affiliated group at the close of business on the last day of the tax year, as shown by a pro forma consolidated balance sheet including all members of the group." Tenn. Code Ann. § 67-4-2106(b).

> For purposes of the Franchise Tax Law, an "affiliated group" means:
> (A) . . . (i) A taxpayer that, standing alone, is subject to the Tennessee franchise tax;
> (ii) All other domestic persons in which the taxpayer, directly or indirectly, has more than fifty percent (50%) ownership interest;
> (iii) All other domestic persons that, directly or indirectly, have more than fifty percent (50%) ownership interest in the taxpayer; and
> (iv) All other domestic persons in which a person described in subdivision (2)(A)(iii), directly or indirectly, has more than fifty percent (50%) ownership interest, regardless of whether such persons do business in Tennessee;
>
> (B) For purposes of this subdivision . . . , a noncorporate taxable entity is more than fifty percent (50%) owned, if, upon liquidation more than fifty percent (50%) of the assets of the noncorporate taxable entity, directly or indirectly, accrue to a member or members of the affiliated group;

Tenn. Code Ann. § 67-4-2004(2). Clearly, Valenti Management is a taxpayer that, standing alone, is subject to the Tennessee franchise tax, to satisfy subsection (i). Pursuant to subsection (ii), Valenti Management could form an affiliated group with "other domestic persons in which [Valenti Management], directly or indirectly, has more than fifty percent (50%) ownership interest." It is undisputed that Valenti Management does not *directly* own more than 50% of Valenti Realty. Neither LLC owns any interest in the other. However, Valenti Management argues that it *indirectly* owns more than 50% of Valenti Realty because Mr. Darrell Valenti owns more than half of both companies. Valenti Management claims that if Valenti Realty was liquidated, more than half of its assets would accrue to Darrell Valenti, thereby *indirectly* accruing to Valenti Management. In response, the Commissioner argues that "[t]his is not how ownership works. If assets accrue to Darrell Valenti as a natural individual, they do *not* accrue to a separate legal entity that he happens to own." We agree with the Commissioner. To hold that Valenti Management indirectly owns the majority of Valenti Realty would completely ignore Valenti Management's status as a legal entity separate from Darrell Valenti. Valenti Management, as an entity, has no ownership interest in Valenti Realty. Thus, subsection (ii) does not apply because there are no "other domestic

persons in which the taxpayer, directly or indirectly, has more than fifty percent (50%) ownership interest."

Under subsection (iii), Valenti Management could form an affiliated group with "other domestic persons that, directly or indirectly, have more than fifty percent (50%) ownership interest in [Valenti Management]." Using the same reasoning discussed above, Valenti Management claims that Valenti Realty is a domestic person that indirectly owns more than half of Valenti Management. We reject this assertion for the reasons previously discussed. Valenti Realty owns no ownership interest in Valenti Management, directly or indirectly.

Finally, under subsection (iv), Valenti Management could form an affiliated group with "other domestic persons in which a person described in subdivision (2)(A)(iii), directly or indirectly, has more than fifty percent (50%) ownership interest, regardless of whether such persons do business in Tennessee." In other words, it could form a group with other persons that are, directly or indirectly, majority-owned by a person who is also one of Valenti Management's majority owners. Valenti Management and Valenti Realty are both majority-owned by the same individual, Darrell Valenti, but he does not qualify as a "person" under the Franchise Tax Law. *See* Tenn. Code Ann. § 67-4-2004(34) (defining "person" or "taxpayer" to include business entities but not natural individuals). Because no domestic person, within the meaning of the Franchise Tax Law, owns more than half of Valenti Management, it cannot utilize subsection (iv) to form an affiliated group.

In sum, we conclude that Valenti Management is not a member of an affiliated group for purposes of the Franchise Tax Law. Therefore, we need not address the issue presented regarding whether members of affiliated groups can calculate the value of their property on a consolidated basis. As separate persons and separate taxpayers under the Franchise Tax Law, it is clear that Valenti Management and Valenti Realty must separately calculate the value of the property each company owns or uses in Tennessee.

### B.    *Constitutional Issues*

Valenti Management argues on appeal that if affiliated groups are required to calculate the value of their assets on an individual basis, then the Franchise Tax Law "results in impermissible double taxation," "treats members of the same class disparately," and may have "impermissibly made the Valenti group a class unto itself."

### 1.    Double Taxation

In support of its double taxation argument, Valenti Management cites *E & L Transport Co. v. Ellington*, 371 S.W.2d 456, 459 (Tenn. 1963), where the Court explained:

In order to constitute double taxation in the objectionable or prohibited sense the same property must be taxed twice when it should be taxed but once; both taxes must be imposed on the same property or subject matter, for the same purpose, by the same state, government, or taxing authority, within the same jurisdiction or taxing district, during the same taxing period, and they must be the same kind or characte[r] of tax.

*Id.* (quoting 84 C.J.S. *Taxation* § 39, at 131-32). Valenti Management explains the basis of its argument as follows:

Under the code, affiliated groups are treated for all practical purposes as one taxpayer when they calculate net worth on a consolidated basis. When, as here, the law treats the entities as one taxpayer, subjecting that one taxpayer to tax twice in the same reporting period for the same piece of property is impermissible double taxation. Thus, it constitutes impermissible double taxation for Valenti Management to be assessed Franchise Tax that includes in its basis the value of the real estate it rents, when Valenti Realty has already paid Franchise Tax based upon the value of that same property.

(citation omitted). We have already determined that Valenti Management and Valenti Realty do not constitute an "affiliated group" for purposes of the Franchise Tax Law. Therefore, the underlying assumption of Valenti Management's argument is incorrect. Because Valenti Management and Valenti Realty are separate entities, separately exercising the privilege of doing business in the State of Tennessee, each company is subject to the franchise tax as a separate taxpayer. *See* Tenn. Code Ann. § 67-4-2105(a), (b) (explaining that the franchise tax is "a privilege tax" that is "paid for the privilege of doing business in Tennessee"). The franchise tax "is not an ad valorem property tax but is a tax levied upon the privilege of engaging in business in corporate form in this state." **Tollett**, 586 S.W.2d at 97 (citing *Crown Enterprises, Inc.*, 557 S.W.2d at 491). Furthermore, a privilege tax does not become a property tax when it is measured by the value of the taxpayer's property. **Corn v. Fort**, 95 S.W.2d 620, 624 (Tenn. 1936). In short, we reject Valenti Management's assertion that the assessment at issue constituted double taxation due to Valenti Management's relationship with Valenti Realty. *See* **Memphis Peabody Corp. v. MacFarland**, 365 S.W.2d 40, 44 (Tenn. 1963) (stating that the franchise tax "is a privilege tax and not a property tax, and there is no double taxation").

## 2. Equal Protection

Next, Valenti Management alleges that the Commissioner's interpretation of the law is unconstitutional because persons in the same class are being treated differently without

justification. Specifically, Valenti Management claims that "the result of the franchise tax as applied by the state is that an affiliated group can avoid being taxed on intercompany rents only if the group has a positive net worth." Thus, Valenti Management claims that affiliated groups with a negative net worth are being taxed on a different basis than affiliated groups with a positive net worth. It claims that it is arbitrary to tax "a class of taxpayers – members of affiliated groups" – in a non-uniform manner. In response, the Commissioner argues that there is a rational basis for having two different methods of computing franchise tax liability.

It is our opinion that Valenti Management does not have standing to complain about the constitutionality of some affiliated groups being treated differently than other affiliated groups when Valenti Management is not a member of any affiliated group. "Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights." *National Gas Distributors v. Sevier County Utility Dist.*, 7 S.W.3d 41, 44 (Tenn. Ct. App. 1999) (citing *Parks v. Alexander*, 608 S.W.2d 881, 885 (Tenn. Ct. App. 1980)). We decline to address Valenti Management's equal protection argument regarding the treatment of affiliated groups based upon our conclusion that it is not an affiliated group.

### 3.    Class Legislation

Finally, Valenti Management maintains that "[i]f the Valenti Group is the only one of its kind – that is, the only affiliated group that calculates its tax on a consolidated basis and has a negative net worth – then the legislature has arbitrarily created a class of one." Valenti Management claims that the trial court abused its discretion in denying its Motion to Compel Discovery which, according to Valenti Management, sought information related to this issue, including statistical information about other similarly situated taxpayers and affiliated groups.

Because we have concluded that Valenti Management is not an affiliated group, its argument regarding the possibility that it is the only affiliated group of its kind is pretermitted. The trial court's order denying the motion to compel is affirmed.

### VII.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court and remand for such further proceedings as may be necessary. Costs of this appeal are taxed to the appellant, Valenti Mid-South Management, LLC, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.