**COMMERCIAL EQUITIES CORP.,**
**Plaintiff-Appellant,**

v.

**Bob TOLLETT, Commissioner of Revenue of the State of Tennessee,**
**Defendant-Appellee.**

Supreme Court of Tennessee.

March 24, 1980.

Stanly T. Snodgrass, Snodgrass & Kresge, Nashville, for plaintiff-appellant.

William M. Leech, Jr., Atty. Gen., Jim G. Creecy, Asst. Atty. Gen., Nashville, for defendant-appellee.

HENRY, Justice.

This is a suit for the refund of corporate franchise taxes paid under protest for the tax years 1972, 1973 and 1974. Plaintiff taxpayer is a Tennessee corporation engaged, according to its charter, in the business of "construction, ownership, sale, lease and other disposition of real property." During the tax years in question plaintiff's only business undertaking was the construction and lease of Airways Plaza, an office building complex located in Nashville.

For the years 1972, 1973 and 1974, plaintiff excluded from its corporate franchise tax base $1,102,052.00 in 1972, $273,804.00 in 1973, and $1,274,204.00 in 1974, amounts representing the value of construction in progress on the buildings comprising Airways Plaza. The Commissioner of Revenue determined that the amounts excluded should have been included in the franchise tax base and therefore made demand for payment of additional taxes, plus interest, in the amount of $5,238.95. Plaintiff paid this additional assessment under protest and sued to recover the sums paid.

The trial court dismissed the taxpayer's complaint, finding that the corporate taxpayer made "actual utilization" of the property within the meaning of Section 67–2908, T.C.A.,[1] and therefore was not entitled to the exemption provided by that section.

---

1. During the years with which this suit is concerned, this statutory section was codified as Section 67–2909, T.C.A. This provision was recodified in 1976, with no change in language.

## I.

Sections 67–2901, *et seq.*, T.C.A., form the statutory basis for the corporate franchise tax which is imposed on the privilege of engaging in business in corporate form in Tennessee. *Mid-Valley Pipeline Co. v. King,* 221 Tenn. 724, 431 S.W.2d 277 (1968). A minimum tax base is established under Section 67–2908, T.C.A. The provision reads, in pertinent part, as follows:

> The measure of the tax hereby imposed shall in no case be less than the actual value of the property owned, or property used, in Tennessee. Provided, however, there shall not be included within the meaning hereof the value of any property while construction of same is in progress and; in addition thereto, there is no actual utilization of such property by the corporation either in whole or in part.[2]

The minimum tax base includes, then, the actual value of all property used or owned by the corporation in Tennessee, unless the property is under construction and is not being utilized, in whole or in part, by the corporation.

It is not disputed that this taxpayer's property—the value of which was excluded from the franchise tax base—was property under construction. The issue is whether there was "actual utilization" by the corporate taxpayer of that property in the conduct of its business.

The Commissioner contends that plaintiff made actual utilization of the construction in progress in doing its corporate business. The "construction in progress" which plaintiff taxpayer excluded from its corporate franchise tax base consisted of buildings erected by the corporation for use as rental property. Commercial Equities' business is the construction, ownership and lease of these buildings. It follows, according to the Commissioner, that plaintiff was using them in the conduct of his business within the meaning of Section 67–2908, T.C.A.

For convenience, we will refer to this section throughout by its current designation, Section 67–2908, T.C.A.

The corporate taxpayer argues that it utilized the construction in progress only when it began to lease the office space and obtain income from the property. Taxpayer maintains that the Legislature, in setting out the exemption clause in Section 67–2908, T.C.A., intended to exclude from the minimum tax base the type of property which is involved in this suit—property under construction which is economically unproductive and provides no income or cash flow.

## II.

The Court has previously faced this same question, presented in a factual situation very similar to the case at bar. It answered the taxpayer's argument in the negative. In *Crown Enterprises v. Woods,* 557 S.W.2d 491 (Tenn.1977), the corporate taxpayer was in the business of building and selling homes. It excluded from its corporate franchise tax base the value of property being used during construction of residential units it was building for sale. The taxpayer argued, as does Commercial Equities here, that "actual utilization" within the meaning of Section 67–2908, T.C.A., occurred at the point at which taxpayer obtained the economic value of its capital investment. This Court rejected the taxpayer's argument and held that the property was actually utilized and that its value, therefore, could not be excluded from the minimum tax base. "A corporation that is engaged in the business of building and selling houses is *utilizing* the homes that it has under construction in conducting that business. The property represented by the homes under construction is *a part of the capital employed in doing the corporate business* in Tennessee and thus represents a part of the measure of the use of the corporate franchise." *Crown Enterprises,* 557 S.W.2d at 493. (Second emphasis supplied). The test, the Court said, was the nature of the business of the taxpayer. *Id.*

2. The clause beginning "Provided, however . . . ." and adding the exclusion claimed by plaintiff taxpayer was added to the provision by the Legislature in 1972. Ch. 549, Public Acts of 1972.

III.

*Crown Enterprises, supra,* controls the question presented here. The nature of taxpayer's business is the construction and leasing of buildings for office space. A corporation which constructs and leases office buildings must, under the reasoning of *Crown Enterprises,* be utilizing the buildings it has under construction in conducting its business, for this construction is the very essence of its business. The fact that taxpayer has not yet leased the buildings and realized income from them is not determinative. The Court does not have under consideration a tax on income or net earnings. The corporate franchise tax is a tax on the privilege of engaging in business in corporate form in this state. *See Reynolds Tobacco Co. v. Carson,* 187 Tenn. 157, 213 S.W.2d 45 (1948). That the Legislature intended to tax corporations for the use of their corporate franchise, regardless of earnings or losses, is evident from the existence of a provision establishing a minimum tax base using the value of tangible property as a measure. Plaintiff's property, represented by the office buildings under construction, was "a part of the capital employed in doing the corporate business in Tennessee." *Crown Enterprises,* 557 S.W.2d at 493. Therefore, the value of that property should have been included in the corporate franchise minimum tax base.

We are aware of the rule of statutory construction which directs us to construe taxing legislation strictly against the taxing authority and thus liberally in favor of the taxpayer. *Memphis Peabody Corp. v. MacFarland,* 211 Tenn. 384, 365 S.W.2d 40 (1962). We must consider, however, the rule that the burden of establishing an exemption is on the taxpayer seeking it and that exemption must be expressed in clear language which includes taxpayer. It must not be extended or broadened beyond the command of the provision. *Crown Enterprises,* 557 S.W.2d at 493; *see also Railroad v. Harris,* 99 Tenn. 684, 43 S.W. 115 (1897).

We affirm the decision of the Chancellor.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.