The **HEALTH AND EDUCATIONAL FACILITIES BOARD OF the COUNTY OF SHELBY, Tennessee, Plaintiff-Appellee,**

v.

**John K. KING, Commissioner of Revenue, State of Tennessee, Gentry Crowell, Secretary of State, Defendants-Appellants.**

Supreme Court of Tennessee,
at Nashville.

Aug. 20, 1984.

Rehearing Denied Oct. 22, 1984.

William M. Leech, Jr., Atty. Gen., Joe C. Peel, Asst. Atty. Gen., Nashville, for defendants-appellants.

Lee J. Chase, III, Oscar C. Carr, III, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, for plaintiff-appellee.

OPINION

FONES, Justice.

The Commissioner of Revenue appeals from the judgment of the trial court awarding plaintiff taxpayer recovery of $40,493.00 transfer tax paid under protest to record instruments of indebtedness. The documents were all executed and recorded as part of a single transaction wherein revenue bonds were issued to refinance St. Joseph Hospital East in the principal sum of $40,495,000.

The issue is whether the instruments recorded are exempt from taxation under T.C.A. § 67–4–409(f)(1), which provides in relevant part:

> ... the recording and re-recording of all instruments evidencing an indebtedness of any health and educational facility corporation formed pursuant to §§ 48–1901, et seq. shall ... be exempt from this section.

The tax involved in this lawsuit is a tax levied on the "public recordation of any instrument evidencing an *indebtedness*" and the rate is ten cents per one hundred dollars "of the *indebtedness* so evidenced." T.C.A. § 67–4–409(b).

All of the facts before the Court are by stipulation. It was stipulated that six UCC–1 financing statements were filed for public recording, all on August 30, 1979. Two of the UCC–1's were filed in the Shelby County Register's Office and four in the office of the Secretary of State in Nashville. It was stipulated that a transfer tax of $40,493 was paid on the first in point of time of the six UCC financing statements submitted for recording. That sum represents the transfer tax upon an *indebtedness* of $40,495,000. That sum was the principal amount of the bonds issued by plaintiff, Health and Educational Facilities Board of the County of Shelby, Tennessee. That single indebtedness was the only in-

debtedness involved in any of the six instruments that were recorded. The tax was paid on only one of the instruments, the first one recorded.

In 1969, the Legislature authorized the creation of health and educational facility corporations so that the people of Tennessee would "have access to adequate medical care and hospital facilities" a purpose declared by the Legislature as essential for the welfare, prosperity and improvement and maintenance of the health and living conditions of the citizens of this State. T.C.A. § 48–1902.

Such corporations are non-profit and simply stated the reason for their creation and existence was to provide a tax free legal entity to serve as a holding corporation or flow through entity, to issue tax free bonds, that would be liquidated from the revenues of a hospital facility whose construction or enlargement had been financed from the proceeds of the bond issue.

A section of the act authorizing the creation of such corporations provides that "the corporation and all properties at any time owned by it and the income and revenues therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the State of Tennessee."

■ It appears that the sole reason for the Legislature's authorization of such corporations was to have an entirely tax free legal entity that would issue bonds under the most favorable conditions for their marketability, the proceeds of which would be used to build and enlarge health care and hospital facilities. The statutory scheme clearly requires that the hospital and educational facility corporation issue the bonds and be primarily responsible for the bonded *indebtedness,* which is in this instance $40,495,000. That sum is the only indebtedness that is involved in any of the six instruments recorded on August 30, 1979.

■ The recording of more than one instrument evidencing the same *indebtedness* does not result in the imposition of a

transfer tax on each instrument, as the stipulation in this case clearly illustrates. Only one of the UCC–1 financing statements was taxed. That is a recognition by the State that the other five instruments involved the same identical indebtedness of $40,495,000 that was recited and taxed in the first instrument recorded. But, the State's position is that the St. Joseph Hospital is shown as the debtor in the first instrument and in two other instruments; that those instruments created a direct obligation for the $40,495,000 indebtedness from the hospital to the Union Planters Bank, Trustee, for the benefit of the bond holders and thus, implicitly, that any one of the three were subject to the transfer tax and not within the exemption of health and educational facility corporations. We disagree.

■ On the face of the first UCC instrument, the one that was taxed, the St. Joseph Hospital is shown as the debtor and the Health and Educational Facilities Board of the County of Shelby, Tennessee, is shown as the secured party. But, the face of the instrument also shows that the secured party assigned its interest to the Union Planters Bank, Trustee. The end result of that instrument is that the plaintiff corporation, as assignor, assigned all of its right, title and interest in the lien upon the property pledged to it by St. Joseph Hospital to the Union Planters Bank as Trustee for the benefit of the bondholders, to secure the stated *indebtedness* of $40,-495,000, representing the bonded indebtedness. There is no merit to the commissioner's position that that instrument has shifted the principal debt from the Health and Educational Facilities Board of Shelby County to the St. Joseph Hospital, in view of the legislative purpose behind the creation of corporations such as plaintiff.

■ The instrument upon which tax was imposed, instrument number one, and instrument number three are identical as to the description of the parties, number three merely covering additional property and together they accomplish what is mandatorily required of a health and educational facility

corporation in T.C.A. § 48–1910. That section expressly requires that such a corporation secure the bond issue by a pledge of the revenues to be derived from the project (operation of the hospital facility benefitted by the bond issue), a mortgage or deed of trust covering the property of the project benefitted and "by an assignment and pledge of all or any part of the corporation's interest in and rights under the leases, sale contract or loan agreements relating to such projects, or any [sic] thereof."

██ The State also complains about the sixth UCC–1 financing statement which is nothing more than a guaranty running from the St. Joseph Hospital, the beneficiary of the bond issue, to the Union Planters Bank as Trustee for the benefit of the bond holders. The reason the State's position is erroneous is quite simple. This guaranty, as in the case of all guarantees, was given for the purpose of guaranteeing payment of the *indebtedness* of another person, firm or corporation, in this instance the indebtedness of the Health and Educational Facilities Board of the County of Shelby, Tennessee of $40,495,000. The commissioner's position that the guaranty does not evidence an indebtedness of the health board and thus is outside the exemption is untenable.

This record shows that in March of 1977, the State of Tennessee imposed a transfer tax of $73,998 on the recording of instruments involving a bond issue wherein the Health and Educational Facilities Board of the County of Davidson, Tennessee and Vanderbilt University stood in the same shoes that the St. Joseph Hospital and the Health and Educational Facilities Board of the County of Shelby occupy in this litigation. Vanderbilt University and the Third National Bank in Nashville, Trustee, as plaintiffs, sued the Commissioner of Revenue for recovery of that tax. Third National Bank in Nashville, Trustee, occupied the same position in that litigation that Union Planters Bank, Trustee, occupies in this litigation. While that lawsuit was pending,

the General Assembly made a special appropriation "not to exceed $74,000 to be refunded to Vanderbilt University on a security instrument *which a 1977 act*[1] *intended to prohibit."* Public Acts of 1978, chapter 931, section 17, item 29. After the special appropriation was paid to Vanderbilt University a voluntary non-suit was taken by the university and the trustee. There can be no more convincing expression of the legislative intent with respect to the application of the exemption provided to Health and Educational Facilities Board in the 1977 Act.

The judgment of the Chancery Court of Davidson County awarding a decree for the recovery of the amount of the transfer tax paid under protest is affirmed. Costs are adjudged against the Commissioner of Revenue.

COOPER, C.J., and BROCK and HARBISON, JJ., concur.

DROWOTA, J., dissents in separate opinion.

DROWOTA, Justice, dissenting.

I respectfully dissent.

The interpretation of these taxing statutes by the majority creates an exemption that is not provided for in the statutes themselves. This interpretation is contrary to the settled rules of statutory construction; specifically, "an exemption from taxation must positively appear in the statute and will not be implied." *Bob Arum Enterprises v. Tenn. Athletic Commission,* 633 S.W.2d 307, 309 (Tenn.1982). It is not a proper function of this Court to carve out an exemption which is not expressly provided for in the statutes. If the Legislature intended to create an exemption and failed to include it in the statute, it is for the Legislature to correct and not the Court.

The majority places great emphasis on the fact that the financing statements here involved are for the purpose of securing an indebtedness of $40,493.00. Section 67–4–

---

[1] The exemption from the transfer tax in favor of health and educational facility corporations was enacted as chapter 148, Public Acts of 1977, and codified in T.C.A. § 67–4–409(f)(1).

409(b) imposes a tax on the "public recordation of any instrument evidencing an indebtedness." The rationale employed by the majority appears to read this statute as imposing a tax on the indebtedness. I disagree with this interpretation.

The tax is clearly levied on the privilege of recording the instrument. The amount of the indebtedness determines the amount of tax owed, but it is not the indebtedness itself which is taxed. "The payment of the privilege tax on filing financing statements is a condition precedent to filing," *American City Bank v. Western Auto Supply*, 631 S.W.2d 410, 422 (Tenn.App.1981), it is not a condition precedent to entering into a debtor creditor relationship. A correct analysis of the issues should focus on the proper object of taxation, the privilege of recording the instrument. This is clearly necessary in order to understand what objects, or transaction as the case may be, the Legislature has seen fit, by and through the statutes, to exclude from the taxing statute.

The statutory scheme in the instant case is very clear. The general rule is that the "recording of any instrument evidencing an indebtedness" shall be a taxable transaction. T.C.A. § 67–4–409(b). The exception to the general rule is that

> ... the recording and re-recording of all instruments evidencing an indebtedness of any health and educational facility corporation formed pursuant to §§ 48–1901, et seq. shall ... be exempt from this section. T.C.A. § 67–4–409(f)(1).

Of the six financing statements involved in this case, three show that the Appellee is indebted to the trustee, Union Planters. Because the Appellee is a health and educational facility corporation formed pursuant to T.C.A. §§ 48–1901, *et seq.*, the instruments evidencing that indebtedness clearly fall within the purview of the above quoted provision. The question remains whether the other three documents should be exempt.

Two of those instruments show that an assignment has taken place. St. Joseph Hospital is shown as the debtor and the obligation to pay rents under the Lease Agreement flows from St. Joseph to the Bank as Trustee. The Health and Educational Facilities Board is neither the holder nor the owner of the indebtedness nor is the Board the debtor.

The remaining document is the financing statement securing the Guaranty Agreement between St. Joseph Hospital and the Bank. On the face of this instrument, the indebtedness is that of the hospital and not the Health and Educational Facilities Board.

The settled rule of statutory construction requires that we construe taxing statutes liberally in favor of the taxpayer and strictly against the taxing authority. However, this rule does not apply when we seek to determine whether an exemption is available to the taxpayer. An exemption provision is construed strictly against the taxpayer, and the burden of establishing the exemption is on the taxpayer. Furthermore, the exemption must be expressed clearly in the statute so as to include the taxpayer. *Bob Arum Enterprises v. Tennessee Athletic Commission, supra,* at 309; *Commercial Equities Corporation v. Tollett,* 596 S.W.2d 801, 804 (Tenn.1980). However, the intent of the legislature is to be ascertained and given effect whenever possible and that intent should be derived from the entire statute as read within its statutory context. *Bob Arum Enterprises v. Tennessee Athletic Center, supra.*

As noted above, three of the documents show an indebtedness of St. Joseph Hospital East, Inc., which is not a health and educational facility corporation formed pursuant to §§ 48–1901 *et seq.* Absent any language in the statute expressly providing for an exemption for something other than a health and educational facility corporation formed pursuant to §§ 48–1901, et seq., it is my opinion that the financing statements showing an indebtedness of St. Joseph Hospital are not exempt from the tax imposed by T.C.A. § 67–4–409(b). I would reverse the judgment of the Chancellor and find in favor of the Appellant.

OPINION ON PETITION TO REHEAR

FONES, Justice.

The Commissioner of Revenue has filed a petition to rehear complaining that we failed to address the issue of plaintiff's standing to bring this action.

■ The Commissioner says that the incidence of the transfer tax is declared by statute to be imposed upon the holder or owner of the indebtedness, and that the Union Planters Bank, Trustee, is the holder or owner of the instruments, "on behalf of the bond holders." The opinion heretofore rendered reflects that the only instrument taxed showed St. Joseph Hospital as debtors and plaintiff Board as owner of the indebtedness. The fact that plaintiff assigned the debt to Union Planters Bank, Trustee, did not remove plaintiff from the category of owner, for the purpose of determining whom the incidence of the tax is imposed upon.

The fact that both the Board and Union Planters Bank, Trustee also occupy the role of debtor in their relationship to the bond holders does not defeat plaintiff's standing. The decision on its merits was predicated on the intent and purpose of the Legislature in creating health and educational facilities corporations and the express exemption in T.C.A. § 67–4–409(f)(1).

The stipulation in this case expressly says plaintiff paid the tax and the remainder of the Commissioner's arguments are the same as the standing arguments made in *Austin Co. v. Woods*, 620 S.W.2d 73 (Tenn.1981), which we rejected.

The petition to rehear is denied. Costs are adjudged against the Commissioner.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.