# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 2, 2012 Session

## OAK RIDGE LAND COMPANY, LP., v. RICHARD H. ROBERTS, COMMISSIONER OF REVENUE FOR THE STATE OF TENNESSEE

**Appeal from the Chancery Court for Blount County**
**No. 2009-045     Hon. David R. Duggan, Chancellor**

---

**No. E2012-00458-COA-R3-CV-FILED-NOVEMBER 29, 2012**

---

The Department of Revenue conducted an audit on plaintiff's partnership, and as a result franchise and excise taxes of $317,659.72 plus interest of $59,525.59 were assessed against plaintiff. Plaintiff brought an action contesting the assessments, and since the Commissioner had relied on Tenn. Comp. R. & Regs. 1320-6-1-.20 to make the assessment, the plaintiff charged the Rule was inconsistent with the provisions of Tenn. Code Ann. § 67-4-2006. The Trial Judge held the regulation was in conflict with the code section to the extent that the Rule attempted to restrict the deduction for charitable contributions made to only the book basis, rather than the fair market value, and the plaintiff was entitled to summary judgment on that issue and an abatement in the assessment of $303,049. The Court also found that the plaintiff was in error in not including certain real property in calculating the net worth under the ruling of *Crown Enterprises, Inc., v. Woods*, and that the defendant was entitled to a judgment of additional tax in the amount of $14,610.72. Both parties appealed. On appeal, we reverse the Trial Court's Judgment regarding excise tax and we remand for a Judgment on the excise tax as assessed by the Commissioner. The Trial Court's Judgment regarding the franchise tax is affirmed.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General,

and R. Mitchell Porcello, Assistant Attorney General, Nashville, Tennessee, for the appellant, Commissioner of Revenue.

Wayne R. Kramer, Knoxville, Tennessee, for the appellee, Oak Ridge Land Company, LP.


**OPINION**

Plaintiff, Oak Ridge Land Company Partnership, filed a Complaint against Reagan Farr[1], Commissioner of Revenue for the State of Tennessee, pursuant to Tenn. Code Ann. §67-1-1801, challenging an assessment against it after an audit. Plaintiff asserted that the Department of Revenue conducted an audit for the period of January 1, 2004, through December 31, 2006, and as a result assessed Franchise and Excise Taxes of $317,659.72 against plaintiff, plus interest of $59,525.59. Plaintiff stated that, pursuant to the above statute, it requested and received an informal conference before a hearing officer regarding the assessment, and during such conference plaintiff asserted that the Department had established plaintiff's net earnings and net worth in a manner contrary to Tennessee law. Plaintiff averred that the hearing officer affirmed the assessment, however, and found that plaintiff improperly deducted the fair market value of certain realty that it donated to qualified charities, rather than the book value, as provided by Tenn. Comp. R. & Regs. 1320-6-1-.20. Plaintiff asserted that this Rule was inconsistent with the provisions of Tenn. Code Ann. §67-4-2006, and thus was void and of no effect. It argued that it properly deducted certain property that was under construction and not being utilized from its net worth.

The Commissioner of Revenue filed an Answer and Counterclaim, asserting that its assessment was correct pursuant to applicable law. The Commissioner thus counterclaimed for the entire amount of the assessment, and asserted that interest would continue to accrue until it was paid, and that attorney's fees and expenses were also sought pursuant to Tenn. Code Ann. §67-1-1803. Plaintiff filed an Answer to Counterclaim, averring that the assessment was invalid.

The parties entered into a Stipulation of Facts, agreeing that on or about December 30, 2003, ORLC conveyed to the State of Tennessee, as a charitable gift, a conservation easement against 50.54 acres of realty located in Roane County, and made other such gifts to The Foothills Land Conservancy around the same time. ORLC deducted the fair market value of these interests conveyed on its 2004, 2005, and 2006 Tennessee Franchise and Excise Tax Returns, pursuant to Tenn. Code Ann. § 67-4-2006. The Commissioner, relying

---

[1]Richard Roberts was later substituted for Farr as Commissioner.

on Tenn. Comp. R. & Regs. 1320-6-1-.20, determined that only the book basis of the properties could be deducted. Tenn. Code Ann. §67-4-2006(b)(2)(D) states that the taxpayer may deduct "the actual charitable contributions made during the tax year". Tenn. Code Ann. §67-1-102(a) states that the Commissioner can prescribe "rules and regulations not inconsistent with law." The parties also agreed that ORLC did not include certain parcels of property that were being developed and ultimately purchased by Broadberry during the audit period when calculating its net worth for Franchise Tax purposes.

The Commissioner filed a Motion for Summary Judgment, stating that his assessment should be upheld. The Commissioner stated that Tenn. Comp. R. & Regs. 1320-6-1-.20 required plaintiff to deduct only the book value, rather than the fair market value. The Commissioner also stated that plaintiff was required to include the real property it owned in Rarity Ridge in its net worth for franchise tax. Plaintiff likewise filed a Motion for Partial Summary Judgment, stating that it was justified in deducting the fair market value pursuant to Tenn. Code Ann. § 67-4-2006. A hearing was held before the Trial Judge sitting by interchange. A Final Order was entered on February 1, 2012, wherein the Court found that there was no genuine issue of material fact, and that summary judgment was appropriate. The Court found that Tenn. Comp. R. & Regs. 1320-6-1-.20 was in conflict with Tenn. Code Ann. §67-4-2006, to the extent the rule attempted to restrict the deduction for charitable contributions made to only the book basis rather than the fair market value, and that plaintiff was entitled to summary judgment on this issue, and an abatement of the assessment in the amount of $303,049. The Court also found that plaintiff was in error in not including certain real property in calculating its net worth under the ruling of *Crown Enterprises, Inc., v. Woods*, 557 S.W.2d 491 (Tenn. 1977), and that defendant was entitled to a judgment of additional tax in the amount of $14,610.72 due to this error.

The Court found that issues regarding attorney's fees and expenses should be reserved pending the outcome of any appeals, and certified its order as final pursuant to Tenn. R. Civ. P. 54. Both parties filed notices of appeal. The issues presented are:

1.  Whether the Trial Court erred in ruling that the phrase "[t]he actual charitable contributions made during the tax year", as used in Tenn. Code Ann. §67-4-2006(b)(2)(D) for the purpose of computing a taxpayer's excise tax liability, requires property donated to charity to be deducted at its fair market value, even though Tenn. Comp. R. & Regs. 1320-6-1-.20 specifies that the book value is to be used?

2.  Whether the Trial Court erred in ruling that certain real property excluded by plaintiff in calculating its net worth for franchise tax purposes should have been included

The Trial Court found that because of the references made in certain sections of the above statute to the Federal Tax Law, the phrase "[t]he actual charitable contributions made" should be construed as meaning the fair market value of those contributions, since that was the measure of value used by the Federal law (even though the particular sub-section made no reference to Federal law). The Court thus found that Rule 20 was in conflict with the statute by requiring the taxpayer to use book value rather than the fair market value.

Our problem with the Court's construction of that statute, however, is that it ignores the rules of statutory construction and creates a forced interpretation. As stated the "statute must be construed in its entirety and it should be assumed that the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose. The background, purpose, and general circumstances under which words are used in a statute must be considered, and it is improper to take a word or a few words from its context and, with them isolated, attempt to determine their meaning." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503 (Tenn. 2004). While the legislature made reference to the federal tax code in Tenn. Code Ann. §67-4-2006(a)(4) and (b)(1)(D), it would be error to assume that the legislature intended to incorporate a reference to the federal code in subsection (b)(2)(D) but simply failed to do so. The omission of a reference to or reliance upon the federal code in subsection (b)(2)(D) should not be assumed to be a mistake by the legislature, but rather should be construed as the legislature's intent to depart from the federal code in this instance. *See, e.g.*, *State v. Davidson*, 184 S.W. 18 (Tenn. 1916).

Construing the statute as it is plainly written, the statute tells the taxpayer to take its net earnings, add back any deductions taken under 26 U.S.C. §170, and then subtract the "actual charitable contributions made during the tax year" to determine the final net earnings figure. It is significant to note that under 26 U.S.C. §170, taxpayers in certain instances are only allowed to deduct a portion or percentage of the actual contribution made. Thus, by adding back the deduction taken under federal law (which was likely only a portion of the actual contribution made) and then subtracting the "actual contribution made" as a dollar for dollar deduction, the taxpayer is actually receiving a tax benefit in the form of a lesser amount of net earnings to be taxed upon. Construing the statute in its entirety, this is the only reasonable interpretation.

Appellee asks this Court to instead take the phrase "actual charitable contributions made" out of context and construe it to mean the fair market value of said contributions, rather than the book value as proscribed in Rule 20. Rule 20 states:

In determining net earnings for the purpose of computing the excise tax, [the statute] requires the charitable contributions deduction claimed under Section 170 of the

Internal Revenue Code to be added to federal taxable income whereas [the statute] permits a deduction for actual charitable contributions made by the corporation during the fiscal year. The term "actual charitable contributions" means all bona fide contributions expensed and paid in a given year without regard to any percentage as required under federal law. The same criteria used for federal purposes in determining whether or not a contribution is a bona fide contribution is used by this state; however, only the book basis of property donated to charity is permitted as a deduction in determining net earnings for the purpose of computing the excise tax.

Tenn. Comp. R. & Regs. 1320-6-1-.20.

Appellee further argues that Rule 20 is somehow inconsistent with the statute, however, as the statute should be construed with "actual contributions" meaning "fair market value". However, the statute does not say "actual value", nor does it make any reference whatsoever in the subsection to value or to the federal code/standard. What the statute says is "actual", which is defined as "existing in fact or reality" or "based in fact". Webster's II New College Dictionary 12 (2001). What the statute does, as explained, is to allow the taxpayer to subtract the whole amount of its contributions, rather than a percentage as allowed under federal law. Rule 20 recognizes and expressly explains this. Rule 20 then goes on to state that the value used should be book basis, which is not in conflict with the language of the statute, as the statute does not mention fair market value at all. The Trial Court erred in relying on a federal statutory interpretation, when Tenn. Code Ann. §67-4-2006(b)(2)(D) makes no reference to the federal code. If the legislature had intended for "actual charitable contributions made" to mean "fair market value of actual charitable contributions made", then the legislature would have used those words. Construing the statute as written, the phrase "actual charitable contributions made during the tax year" would mean those charitable contributions actually made during the tax year.

Appellee argues that the Commissioner does not have the authority to promulgate a rule prescribing that book value should be used as the value of the "actual charitable contributions made". The Commissioner, however, "is vested with power to prescribe rules and regulations not inconsistent with law." Tenn. Code Ann. §67-1-102(a). As stated, there has been no showing that Rule 20 is inconsistent with the statute. In the absence of a clear showing that the rule is contrary to a statute, the court cannot substitute its judgment for the Commissioner's. *Covington Pike Toyota, Inc., v. Cardwell*, 829 S.W.2d 132 (Tenn. 1992).

As further affirmation of this interpretation of the statute, the Commissioner points this Court to the Supreme Court's opinion in *General Electric Broadcasting Co., Inc., v. Bob Tollett, Commissioner of Revenue of the State of Tennessee*, 1984 LEXIS 835 (Tenn. Aug. 27, 1984). In that case, the Supreme Court was confronted with a similar question, i.e., whether

the taxpayer could deduct market value or book value of a property donated to charity when calculating its net earnings for excise tax purposes. While the *General Electric* case was decided before the statute and rule in question were enacted, we note that the Commissioner's rule/practice at that time was still to only allow book value and not fair market value of the property contributed to be deducted for the purpose of computing net earnings. The Supreme Court opined that this practice was "sound and reasonable", because if the taxpayer were allowed to deduct fair market value, then the State would "find itself in the incongruous position of having a taxpayer take advantage of depreciation to reduce its excise tax payments over a period of years, and then make a charitable gift of the asset and reduce his excise tax payment by deducting the appreciated value of the property rather than its depreciated, or book, value. In short, the taxpayer would have its deduction from excise taxes 'coming and going.'" *Id*. at p. 3.

For this reason, it is both sound and reasonable for the Commissioner to prescribe that book value rather than fair market value of a charitable contribution shall be used for the purpose of calculating net earnings today. The Commissioner's rule does not conflict with the statute, as the statute does not speak to value, but simply allows a deduction for "actual charitable contributions made", and the only reasonable interpretation of that phrase is those charitable contributions actually made during the tax year. The Trial Court's Judgment on this issue is reversed.

ORLC raises an issue regarding the Trial Court's determination that it should not have been allowed to exclude certain property from its net worth for franchise tax purposes, arguing that the property in question met the statutory requirements of a) being under construction and b) not being utilized by ORLC. Tenn. Code Ann. §67-4-2108 states that "[t]here shall not be included within the meaning hereof the value of any property while construction of that property is in progress and, in addition thereto, there is no actual utilization of such property by the taxpayer, either in whole or in part." The Trial Court found that the property in question did not satisfy the statutory requirements pursuant to the Supreme Court's opinion in *Crown Enterprises, Inc. v. Woods*, 557 S.W.2d 491 (Tenn. 1977), and ruled that ORLC had to include the value of the property in its net worth for franchise tax purposes.

In *Crown*, the Supreme Court was faced with a similar question involving property owned by a corporation engaged in the business of building and selling houses, wherein the property at issue had homes that were under construction. *Id.* The Court ruled that the statutory exemption for property under construction and not actually utilized by the corporation was intended by the legislature to exclude "only property which has not yet become a part of the capital employed in the particular business of the corporation." *Id*. The Court gave an example of such exempt property as manufacturing facilities under

construction/not utilized, where the corporation's business was manufacturing. *Id*. The Court stated that the utilization issue depended on the particular nature of the business. *Id*. The Court thus held that where the corporation was in the business of buying and selling houses, it was utilizing the homes under construction in conducting its business, and those homes under construction were part of the capital employed by the business. Accordingly, those properties also had to be included when figuring the franchise tax due. *Id*.

Here, ORLC is in the business of buying and selling real property, as the parties stipulated. As such, the Trial Court properly found that the parcels of land in question, which were being developed for sale, should have been included for the purpose of computing the franchise tax, as those properties were part of the capital employed by ORLC's business. The Trial Court properly ruled that these properties should have been included in ORLC's net worth based on the authority of *Crown,* and we affirm the Trial Court's ruling on this issue.

The Trial Court's Judgment regarding excise taxes is reversed and the case is remanded to have the original excise tax assessment reinstated. The Trial Court's Judgment regarding the franchise tax is affirmed.

The cost of the appeal is assessed to Oak Ridge Land Company, LP.

_____
HERSCHEL PICKENS FRANKS, P.J.